**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: February 25, 2021
Date Decided: March 9, 2021

Re: *Theodore Blackmon v. O3 Insight, Inc.*, Civil Action No. 2020-1014-SG

Dear Counsel:

This matter involves petitioner Theodore Blackmon's request that I order advancement of legal fees.[1] The Petitioner is a director and stockholder of respondent O3 Insight, Inc. (the "Company"), a Delaware corporation.[2] In September of 2020, the Company sued Blackmon in Alabama alleging, among other things, breach of his fiduciary duty to the Respondent.[3] The Company's Certificate of Incorporation and Bylaws provide for advancement following tender of an undertaking to repay, which has occurred here.[4] The matter seems, at first blush, straightforward. Nevertheless, the Respondent company has moved to dismiss or, alternatively, to stay;[5] this Letter Opinion resolves that Motion.

---

[1] *See generally* Verified Pet. For Advancement and Indemnification (the "Complaint" or "Compl."), Dkt. No. 1.
[2] *Id.* ¶¶ 1, 8–9.
[3] *See generally id.*, Ex. 3 [hereinafter the "Alabama Complaint" or "Alabama Compl."].
[4] *Id.* at ¶ 30.
[5] *See* Mot. to Dismiss, Dkt. No. 5; Resp't's Opening Br., Dkt. No. 7.

The Respondent raises the defense of lack of subject matter jurisdiction, and seeks dismissal on that ground.[6] The Petitioner, concurrent with his appointment to the Company's board of directors, signed an agreement (the "Stockholders Agreement")[7] that provided: "any dispute, controversy or claim arising out of, relating to, or in connection with, this Agreement . . . shall be finally settled by arbitration. The arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association," (the "AAA rules"). Under the AAA rules, issues of arbitrability—whether the arbitrator is empowered to decide a particular issue—are reserved for the arbitrator.[8]

The underlying action brings three counts invoking Petitioner's alleged breaches of the Stockholders Agreement, and one count generally alleging that those breaches also constitute breaches of the Petitioner's fiduciary duties to the Company.[9] That action has now been stayed subject to arbitration under the terms of the Stockholders Agreement.[10] The Respondent avers that it will withdraw the fiduciary duty claim once the stay is lifted.[11] Because it has not yet been withdrawn,

---

[6] *See* Resp't's Opening Br. 3.
[7] *See generally* Resp't's Opening Br., Ex. A [hereinafter Stockholders Agreement].
[8] Stockholders Agreement § 9.12. Also pursuant to this agreement, the Respondent gained the right to designate one director to the board—he designated himself. *Id.* § 2.01(a)
[9] *See* Alabama Compl. ¶¶ 41–62. There are additional counts against all defendants, including the Petitioner, that do not allege breach of fiduciary duty. *See generally id.*
[10] *See* Tr. of 2-25-21 Oral Arg., 3:5.
[11] *See* Tr. of 2-25-21 Oral Arg., 18:11–18:17.

however, I consider the breach of fiduciary duty alleged in the underlying action to remain an active claim for purposes of this jurisdictional examination.

The Respondent argues that it has a good-faith basis to deny advancement, and that, in any event, under the arbitration rules of the AAA the arbitrator must determine arbitrability, and subsequently (if arbitrable) the advancement issue itself. That is, per the Respondent, because the Stockholders Agreement invokes the rules of the AAA, I am without jurisdiction to determine whether the issue of the Petitioner's entitlement to advancement of legal fees is reserved to arbitration.

It is well-settled that "Delaware arbitration law mirrors federal law."[12] In Delaware, as under federal law, "[j]ust as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question of who has the primary power to decide arbitrability turns upon what the parties agreed about that matter."[13] Under the U.S. Supreme Court's decision in *Henry Schein, Inc. v. Archer & White Sales, Inc* "if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."[14] Given that "the question of who decides arbitrability is itself

---

[12] *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 79 (Del. 2006).

[13] *Id.* at 78–79; *see also, e.g.*, *DMS Properties-First, Inc., v. P.W. Scott Associates, Inc.*, 748 A.2d 389, 391–92 (Del. 2000); *Menacker v. Overture, L.L.C.*, 2020 WL 4463438, at *13 (Del. Ch. Aug. 4, 2020); *GreenStar IH Rep, LLC v. Tutor Perini Corp.*, 2017 WL 715922, at *3–*7 (Del. Ch. Feb. 23, 2017); *Medicis Pharm. Corp. v. Anacor Pharm., Inc.*, 2013 WL 4509652, at *3 (Del. Ch. Aug. 12, 2013); *McLaughlin v. McCann*, 942 A.2d 616, 621–628 (Del. Ch. 2008); *BAYPO Ltd. P'ship v. Tech. JV, LP*, 940 A.2d 20, 25 (Del. Ch. 2007).

[14] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019).

a question of contract,"[15] only a single question is left to me—did the parties contractually bind themselves to have arbitrability in this context decided by an arbitrator?

Respondent contends, and Petitioner does not dispute, that the arbitration clause of the Stockholders Agreement submitted all issues "arising out of, relating to, or in connection with" the Stockholder's Agreement to arbitration under the AAA rules.[16]

According to the Petitioner "the issue before the Court is not who decides arbitrability."[17] The Petitioner's brief "makes no . . . argument" with respect to this issue.[18] Instead, he argues that because his claim for advancement arises under the Company's Certificate of Incorporation and Bylaws—which do not include an arbitration provision—and because he does not invoke the Stockholders Agreement—which does not provide for advancement—there simply is no valid, enforceable arbitration agreement applicable to his advancement claim.

The Petitioner cannot sidestep the issue of whether the Alabama litigation is a "dispute, controversy, or claim arising out of, relating to, or in connection with"

---

[15] *Id.* at 527.

[16] Stockholders Agreement § 9.12. Section 9.13 contains an exclusion to arbitration for some equitable remedies: "[e]ach party hereto . . . hereby agrees that in the event of a breach or a threatened breach by such party of [any of its obligation under this Agreement], each of the other parties hereto shall . . . be entitled to an injunction from a court of competent jurisdiction." Stockholders Agreement § 9.13.

[17] Pet'r's Br. in Opp'n to Resp't's Mot. to Dismiss or Stay 2, Dkt. No. 16 [hereinafter Opp'n Br.].

[18] *Id.*

the Stockholders Agreement simply by avoiding mentioning the Agreement in his petition, however. Here, the purportedly-advanceable litigation is directly related to the Stockholders Agreement, and whether breach of that Agreement is also a breach of the Petitioner's duty as a director. The Petitioner alleges that the latter claim is not subject to arbitration because the foundational corporate documents are the operative contracts, as opposed to the Stockholders Agreement. The Petitioner may be correct, and the underlying issue thus not arbitrable, but in deciding whether the Petitioner is correct I would be doing precisely what *Schein* prohibits—deciding arbitrability when the parties have reserved that decision for the arbitrator. Under the case law, I am not permitted to determine whether the claim is arbitrable without first deciding the threshold question of whether I can decide the arbitrability issue.[19] This gateway issue is referred to as "substantive arbitrability."[20]

In *Willie Gary*, our Supreme Court provided that the question of substantive arbitrability should be resolved by an arbitrator when the arbitration clause (1) "generally provides for arbitration of all disputes" and (2) "incorporates a set of arbitration rules that empower arbitrators to decide arbitrability" such as the AAA rules.[21] As the Court noted "[this] view does not, however, mandate that arbitrators decide arbitrability in all cases where an arbitration clause incorporates the AAA

---

[19] *See, e.g.*, *Menacker v. Overture, L.L.C.*, 2020 WL 4463438, at *13 (Del. Ch. Aug. 4, 2020).
[20] *James & Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 78 (Del. 2006).
[21] *Id.* at 80.

rules."[22] The arbitration clause at issue in *Willie Gary*, despite referencing the AAA rules, did not evidence the requisite clear and unmistakable intent, because it expressly authorized the parties to seek injunctive relief and specific performance in the courts.[23] The Court held that in the presence of such a carve-out "something other than the incorporation of the AAA rules would be needed to establish that the parties intended to submit arbitrability questions to an arbitrator."[24] Without more, the contract did not "generally refer all controversies to arbitration" and it was appropriate for the Court, rather than an arbitrator, to determine substantive arbitrability.[25]

As noted above, the Stockholders Agreement here plainly provides that AAA rules govern arbitration of disputes "arising out of, relating to, or in connection with" that Agreement, and those rules state that the arbitrator determines substantive arbitrability. However, it also provides that the parties may seek equitable relief in the courts, arbitration clause notwithstanding.[26] The Petitioner raised for the first time at oral argument that this equitable relief carve-out demonstrates that the parties did not intend for the Stockholders Agreement to "generally provide[] for arbitration

---

[22] *Id.*

[23] *Id.* at 80–82.

[24] *Id.* at 81.

[25] *Id.*

[26] Stockholders Agreement § 9.12 (noting that the provisions of the arbitration clause are "[s]ubject to Section 9.13," which provides for equitable relief").

of all disputes"[27] as required by *Willie Gary*. To the extent not waived, I find this argument unpersuasive.

Our Courts have since provided additional guidance on how to apply *Willie Gary*.[28] *Willie Gary* is satisfied where a contract generally provides for arbitration of all disputes and incorporates the AAA rules, so long as "the carveouts and exceptions to committing disputes to arbitration [are not] so obviously broad and substantial as to overcome a heavy presumption that the parties agreed by referencing the AAA Rules and deciding to use AAA arbitration to resolve a wide range of disputes that the arbitrator, and not a court, would resolve disputes about substantive arbitrability."[29]

I do not find the carve-out here so obviously broad and substantial as to overcome the parties' agreement to use arbitration under AAA rules to resolve the broad range of disputes that may "aris[e] out of, relat[e] to, or . . . connect[] with" the Stockholders Agreement. I also note that while the Stockholders Agreement preserves, at Section 9.13, a right to seek equitable relief in court, it does not preclude

---

[27] *Willie Gary*, 906 A.2d at 80.
[28] *See, e.g.*, *McLaughlin v. McCann*, 942 A.2d 616, 622–625 (Del. Ch. 2008). *McLaughlin* has been described as "the definitive guidance regarding the application of the *Willie Gary* test." *Innovation Inst., LLC v. St. Joseph Health Source, Inc.*, 2019 WL 4060351, at *5 (Del. Ch. Aug. 28, 2019) as corrected (Aug. 29, 2019); *see also, e.g.*, *Greenstar IH Rep, LLC v. Tutor Perini Corp.*, 2017 WL 715922, at *5 (Del. Ch. Feb. 23, 2017); *Redeemer Comm. of the Highland Crusader Fund*, 2017 WL 713633, at *3 (Del. Ch. Feb. 23, 2017); *Legend Natural Gas II Hldgs., LP v. Hargis*, 2012 WL 4481303, at *6 (Del. Ch. Sept. 28, 2012); *Carder v. Carl M. Freeman Cmtys., LLC*, 2009 WL 106510, at *5–7 (Del. Ch. Jan. 5, 2009).
[29] *McLaughlin v. McCann*, 942 A.2d at 625.

equitable relief from being sought via arbitration; in fact, it preserves "all other rights and remedies that may be available to [the parties] in respect of" a breach requiring equitable relief. In other words, Section 9.13 is a permissive out, not a limitation on the otherwise-comprehensive jurisdiction of the arbitrator. Delaware courts "ordinarily resolve any doubt as to arbitrability in favor of arbitration."[30] Accordingly, to the extent that "there is any rational basis for doubt" as to who decides arbitrability, I "defer to arbitration, leaving the arbitrator to determine what is or is not before her."[31]

For the foregoing reasons, I am without jurisdiction here unless and until the arbitrator finds advancement to be outside arbitration. Rather than dismissing this matter, I find it appropriate to stay this action pending the arbitrator's decision on the arbitrability of the advancement claim.

An appropriate Order is attached.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[30] *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 156 (Del. 2002).
[31] *Id.*

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| THEODORE BLACKMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 2020-1014-SG |
| | ) | |
| O3 INSIGHT, INC., | ) | |
| Respondent. | ) | |
| | ) | |

## **ORDER**

AND NOW, this 9th day of March 2021, for the reasons set forth contemporaneously in the attached Letter Opinion dated March 9, 2021, IT IS HEREBY ORDERED that the Respondent's Motion to Stay this action in favor of arbitration is GRANTED.

/s/ Sam Glasscock III

Vice Chancellor